STATE EX REL. JOSEPH A. LEVY
*vs.*
FRANCIS A. PALLOTTI, ATTORNEY GENERAL

Superior Court        Hartford County        File No. 72891

MEMORANDUM FILED APRIL 5, 1945.

*Gross, Hyde & Williams,* of Hartford, for the Plaintiff.

*Francis A. Pallotti, Attorney General* and *Bernard A. Kosicki, Assistant Attorney General,* of Hartford, for the Defendant.

INGLIS, J. These motions are directed at a peremptory writ of mandamus, the allegations of which are in substance that the relator "held the office of Assistant Attorney General of the State of Connecticut, which position is in the classified service"; that the respondent undertook to remove him from that position; that he appealed to the Personnel Appeal Board; that that Board determined that the attempted removal was illegal and void; but that the respondent persists in his position that the relator has been removed.

The motion to expunge is that the decision of the Appeal Board, which is annexed to the application as an exhibit, and the allegation which incorporates that in the complaint be stricken out as irrelevant and purely evidential. As will appear later in this memorandum, the decision itself is an essential part of the relator's cause of action. It is therefore proper to make the decision *in extenso* a part of the application.

So far as the motion to quash is concerned, it is apparent that the crux of the case lies in the question as to whether the relator was in the classified service of the State. It was the relator's contention upon argument that the decision of the Personnel Appeal Board had concluded the matter so far as that question is concerned. That contention, however, is not well founded.

The Board did decide that the relator was in the classified service but that decision is not conclusive upon the parties. The statute under which the appeal was taken to the Board (Supp. [1943] §427g) reads as follows: "Any person holding a position in the classified service who shall be.... dismissed, may appeal to the personnel appeal board." That is, in order to have any right of appeal at all, the person appealing must be "in the classified service." The term "classified service" is defined in section 641e of the 1939 Supplement to the General Statutes as meaning any office in the State service except as stated in section 642e (as amended). "State service" is also defined in section 641e.

It is inherent in the Merit System Act that no one who is in the classified service may be removed without just cause. It is for that reason that the appeal is provided. The right of appeal to the Board is for the protection of those, and only those, who are in the classified service. It is, of course, necessary for the Personnel Appeal Board in any case brought

before it to determine incidentally whether the appellant is in the classified service, but the main purpose of its inquiry is to determine whether there has been just cause for removal. It must determine that the appellant is in the classified service in order to get jurisdiction of the appeal. If, as a matter of fact, he is not in the classified service, then the Board's decision of his appeal amounts to nothing.

The question as to whether he is in the classified service is, therefore, purely a jurisdictional question. The Board is a tribunal of very limited jurisdiction. It is fundamental that the decision by a tribunal of limited jurisdiction that it has jurisdiction of the subject matter in any case brought before it is not conclusive. *Woodruff vs. New York & New England R.R. Co.*, 59 Conn. 63, 92. That jurisdiction may always be later brought into question in any other tribunal. So it is here. In order to take jurisdiction of the relator's appeal at all the Board had to find that he was in the classified service. When they concluded that he was, they were free to go on and determine that his dismissal was improper. But if, as a matter of fact, he was not in the classified service, their decision was outside of their jurisdiction and, therefore, of no effect. And their finding that he was in the classified service is not conclusive but may be brought into question at any time.

The terms "State service" and "classified service" are used frequently in the Act, each with the distinctive meaning set forth in the respective definitions of them in section 641e. If the Legislature had intended to give the Personnel Appeal Board the power to determine finally that an appellant is in the classified service it might easily have done so by using the term "State service" instead of that of "classified service" in section 427g. By so doing the Legislature would have given the right of appeal to anyone who is in the State service. It would then appear that the Appeal Board had been given the power conclusively to decide whether the appellant was in the classified service, where he could not be dismissed except for cause, or was in the State service outside of the classified service, where he could be dismissed without cause. Under such circumstances the question would have been more than jurisdictional. The fact that the Legislature did not permit an appeal by any person in the State service but limited appeals to only those who are in the classified service points up the conclusion that the determination by the Board on any appeal that

the appellant is in the classified service is purely the determina-
tion of a jurisdictional question and therefore is not conclusive
in any other tribunal.

It follows that in this case, in order to prevail, the relator
must prove both that he was in the classified service and that
the Personnel Appeal Board has found that his dismissal was
improper.

Even though that is so, the motion to quash is not well
founded. It is based very largely upon the contention that the
writ does not allege expressly that the relator was in the classi-
fied service. Paragraph 2 of the application alleges that the
relator "held the office of Assistant Attorney General....which
position is in the classified service." The respondent's conten-
tion is that to allege that the relator held the office of Attorney
General is not adequate because some Attorneys General might
be in the classified service and others not. If that were all that
there was to the allegation the contention might have some
merit, because, as pointed out above, it is essential to the rela-
tor's case that it be alleged that he was in the classified service.
But the allegation goes on: "which position is in the classified
service." This clause clearly modifies the preceding phrase and
means that the particular position held by the relator was in
the classified service. And when so read it is adequate to state
the relator's case in this regard.

One other contention made by the respondent in the motion
to quash is that it is not for him but for the Personnel Director
to determine whether the relator was in the classified service.
The contention here really is apparently that the respondent
is not bound to treat the relator as being in the classified service
until the Personnel Director certifies that fact to him. The
answer to this is that there is no requirement of the Act that
the Personnel Director so certify, certainly, at least, as to those
persons who were in office when the Act became effective. The
fact is that the Act itself prescribes who are to be in the classi-
fied service. If any officer or employee comes within the
description contained in the Act itself of those who are in the
classified service, it makes no difference what either the respond-
ent or the Personnel Director may think about him. He is in
the classified service. His being there is not dependent upon
a certificate from the Personnel Director nor is it a matter of
discretion with the respondent. If, therefore, it should appear

in this case, as is alleged in the complaint, that the relator is in the classified service and that the Personnel Appeal Board has found that there was no just cause for his removal, mandamus would be a proper remedy whether the Personnel Director has treated him as being in the classified service or not.

For the foregoing reasons the motion to expunge is denied and the motion to quash is overruled.